## Case No. 12,731.

### SHEAN v. TOWERS.

[1 Cranch, C. C. 5.] 1

Circuit Court, District of Columbia. April. 1801.

#### BAIL--APPEARANCE BAIL--SPECIAL BAIL.

If no appearance-bail be required, the court will not require special bail, on setting aside the office judgment.

Mr. Swann prayed that the defendant might not be permitted to set aside the office judgment without giving special bail, and stated that he had evidence to prove the account to entitle him to special bail. There was no appearance-bail required.

THE COURT refused to rule bail.

---

## Case No. 12,732.

### SHEARMAN et al. v. BINGHAM et al.

[Holmes, 272.] 2

Circuit Court, D. Massachusetts. Oct., 1873.

#### BANKRUPTCY — MONEY PAID BY BANKRUPT TO CREDITOR—LIMIT OF TIME IN RECOVERY.

Under the thirty-fifth section of the bankrupt act [of 1867 (14 Stat. 534)], an assignee in bankruptcy cannot recover money paid by the bankrupt to a bona fide creditor more than four months before the filing of the petition in bankruptcy.

[Cited in brief in Norton v. Barker, Case No. 10,349; McGehee v. Hentz, Id. 8,794; Re Tifft, Id. 14,034.]

Suit by [Sumner W. Shearman and others] assignees in bankruptcy [against Osmer A. Bingham and others] to recover money alleged to have been paid to the defendants by the bankrupt as a preference. The case was heard on an agreed statement of facts, the material parts of which appear in the opinion.

[See Cases Nos. 12,733 and 12,762.]

Oscar Lapham and E. P. Brown, for plaintiffs.

C. T. Russell, T. H. Russell, and H. W. Suter, for defendants.

SHEPLEY, Circuit Judge. This court having decided, in an opinion rendered at a previous term, that the district court in Massachusetts had jurisdiction in this case over a controversy between the assignee of a bankrupt and a person claiming an interest adverse to the bankrupt, although the proceedings in bankruptcy were instituted in the district of Rhode Island [Case No. 12,733], the case is now before the court upon a hearing upon the merits. The writ, dated Jan. 25, 1871, was brought by plaintiffs as

1 [Reported by Hon. William Cranch. Chief Judge.]

2 [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

assignees of Reynolds & Bartlett, and is to recover moneys, claimed to have been paid defendants in fraud of the bankrupt law. About the 1st of March, 1868, the bankrupts became insolvent and suspended payment. They were then indebted to defendants for about a thousand dollars. During the months of March, April, and May, 1868, they formally notified their creditors of their suspension, and offered to pay twenty-five cents on a dollar, provided each creditor receiving such percentage would discharge the bankrupts from further liability. The defendants were notified of the insolvency of said Reynolds & Bartlett, and, after such notice, did, on the fifth day of June, 1868, accept such offer; and received from said bankrupts the sum of $280.69, in payment and full discharge of the said indebtedness of said bankrupts to them. The bankrupts continued settling ,with their creditors, until they had paid out their entire assets; and there were remaining several creditors with whom no settlement had been made. One, to whom the firm was largely indebted, and to whom the offer to pay twenty-five cents was never extended, Nov. 23, 1868 (more than four months and less than six months after the time of the preferential payment), filed a petition in the district court in Rhode Island against the bankrupts; and on the thirtieth day of December, 1868, they were adjudged bankrupts, and the plaintiffs were duly appointed assignees.

The first clause of the thirty-fifth section of the bankrupt act avoids certain acts of the bankrupt touching his effects, if done within four months before the filing of the petition in bankruptcy. The second clause imposes the like result, if the transaction be within six months of that time. The first clause applies to the case of a creditor, a person having a claim against the bankrupt, or who is under any liability for him, and who receives money or property by way of preference. The second clause applies to cases where the transaction in question was original and complete in itself at the time it occurred, and had no reference for its consideration to any antecedent liability or debt of the bankrupt. This was the construction given to these two clauses of the thirty-fifth section by the supreme court of the United States in Gibson v. Warden, 14 Wall. [81 U. S.] 244; and seems to be the only construction, as remarked by the court in that case, by which the two clauses can be made to harmonize, and full and distinct effect be given to each.

The preference by the bankrupt having been to a bona fide creditor, and more than four months before the filing of the petition in bankruptcy, the time had expired within which its validity could be challenged by the assignee. Judgment for defendants, with costs.